*Collective Exhibit B*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JONATHAN CALHOUN,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | No. 2:12-CV-398 |
| CARTER COUNTY, TENNESSEE, *ET AL.*,<br>    Defendants. | )<br>)<br>) | |

### ORDER

Effective March 1, 2013, scheduling orders will be entered by the Court in lieu of in-person or telephonic scheduling conferences. It is therefore ORDERED:

1. As soon as practicable, but in no event later than 30 days from the first appearance of a defendant, or if that has already occurred, within 30 days of this order, the parties must confer, in a conference arranged by plaintiff's (s') counsel, for the purpose of considering the nature and basis of their claims and defenses; for the purpose of discussing the possibility of a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all the matters addressed in sub-paragraphs (1) through (4) of Rule 26(f) and, in appropriate cases, to consider whether to consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c);[1]

---

[1] Filed along with this Order is a Notice from the Office of the Clerk regarding the availability of a Magistrate Judge to exercise jurisdiction and setting out the procedures to be followed: All parties should review this document carefully.

1

2. Within fourteen (14) days of the conference required in paragraph 1 of this order, the parties must file a report of the parties' Rule 26(f) planning meeting which complies fully with the requirements of Rule 26(f) using, in general, the format set out in Form 52 found in the Appendix of Forms. Should the parties disagree about an item, the respective position of the parties as to that item should be clearly set forth in separate paragraphs.

The report shall contain: (1) a synopsis of the case advising the Court of the general claims and defenses of the parties; (2) the parties' good faith certification as to when the case will be ready for trial (the parties should be aware that the case should ordinarily be ready for trial within twelve (12) months, but in extraordinary circumstances not later than eighteen (18) months, from the date of the filing of the report of their Rule 26(f) planning meeting (if the parties believe the case cannot be ready for trial within that time frame, the parties must state the circumstances fully in the parties' report); (3) the estimated length of trial; and (4) whether the parties do or do not consent to the exercise of jurisdiction by a magistrate judge.

At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media. If so, the parties are directed to determine:

    i.    Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

    ii.    The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

    iii.    The format and media agreed to the parties for the production of such data as well as agreed procedures for such production;

2

Case 2:12-cv-00398   Document 13   Filed 06/24/13   Page 2 of 4   PageID #: 58
Case 3:13-cv-00669   Document 75-2   Filed 10/04/13   Page 2 of 5 PageID #: 3192

  iv. Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

  v. Whether there are other problems that the parties anticipate may arise in connection with electronic or computer based discovery; and

  vi. The name of the person responsible for each parties document retention policies and the name of the individual through which discovery requests and responses to each party are to be made.

  3. Upon receipt of the report required in paragraph 2, the Court will enter a scheduling order without an in-person or telephonic Rule 16(b) scheduling conference. To the extent that any party believes that a Rule 16(b) conference is necessary, the parties must notify the Court in their report, setting forth fully the reasons why the conference is necessary.

  4. All attorneys appearing in this case are advised that all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

  5. By appearing in this case and practicing in this Court, each attorney or *pro se* party certifies to this Court that he or she has read and is prepared to fully comply with this Court's Local Rules and that he or she will read and comply with this Court's orders. Furthermore, an attorney who makes an appearance in this case certifies to the Court that he or she is prepared to represent his or her client in all proceedings in this case, including trial.

  6. *Take Notice*: Any defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint (or within 120 days after the party was added to the action) may be dismissed without further order of the Court unless prior to such

3

Case 2:12-cv-00398 Document 13 Filed 06/24/13 Page 3 of 4 PageID #: 59
Case 3:13-cv-00669 Document 75-2 Filed 10/04/13 Page 3 of 5 PageID #: 3193

time the party on whose behalf such service is required show good cause why service has not been perfected. See Fed. R. Civ. P. 4(m).

**FAILURE TO COMPLY WITH ANY REQUIREMENT OF THIS ORDER MAY BE DEEMED A FAILURE BY PLAINTIFF(S) TO PROSECUTE THE ACTION AND THE ACTION DISMISSED. LIKEWISE, FAILURE OF A DEFENDANT TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER OR TO MAKE A GOOD FAITH EFFORT TO COOPERATE WITH PLAINTIFF(S) IN MEETING THE REQUIREMENTS OF THIS ORDER MAY SUBJECT DEFENDANT TO APPROPRIATE SANCTIONS OR THE ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF(S).**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4

Case 2:12-cv-00398   Document 13   Filed 06/24/13   Page 4 of 4   PageID #: 60
Case 3:13-cv-00669   Document 75-2   Filed 10/04/13   Page 4 of 5 PageID #: 3194

been furnished or made available for inspection and copying].

(*List each document.*)

2. The truth of each of the following statements:

(*List each statement.*)

(Date and sign—See Form 2.)

(Added Apr. 30, 2007, eff. Dec. 1, 2007.)

## Form 52. Report of the Parties' Planning Meeting

(Caption—See Form 1.)

1. The following persons participated in a Rule 26(f) conference on __date__ by __state the method of conferring__:
2. Initial Disclosures. The parties [have completed] [will complete by __date__] the initial disclosures required by Rule 26(a)(1).
3. Discovery Plan. The parties propose this discovery plan:

(*Use separate paragraphs or subparagraphs if the parties disagree.*)

  (a) Discovery will be needed on these subjects: (*describe*)
  (b) Disclosure or discovery of electronically stored information should be handled as follows: (*briefly describe the parties' proposals, including the form or forms for production.*)
  (c) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: (*briefly describe the provisions of the proposed order.*)
  (d) (Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.)
  (e) (Maximum number of interrogatories by each party to another party, along with dates the answers are due.)
  (f) (Maximum number of requests for admission, along with the dates responses are due.)
  (g) (Maximum number of depositions for each party.)
  (h) (Limits on the length of depositions, in hours.)
  (i) (Dates for exchanging reports of expert witnesses.)
  (j) (Dates for supplementations under Rule 26(e).)

4. Other Items:
  (a) (A date if the parties ask to meet with the court before a scheduling order.)
  (b) (Requested dates for pretrial conferences.)
  (c) (Final dates for the plaintiff to amend pleadings or to join parties.)
  (d) (Final dates for the defendant to amend pleadings or to join parties.)
  (e) (Final dates to file dispositive motions.)
  (f) (State the prospects for settlement.)
  (g) (Identify any alternative dispute resolution procedure that may enhance settlement prospects.)
  (h) (Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists.)
  (i) (Final dates to file objections under Rule 26(a)(3).)
  (j) (Suggested trial date and estimate of trial length.)
  (k) (Other matters.)

(Date and sign—see Form 2.)

(Added Apr. 30, 2007, eff. Dec. 1, 2007. As amended Apr. 28, 2010, eff. Dec. 1, 2010.)

## Form 60. Notice of Condemnation

(Caption—See Form 1.)

To *name the defendant*.

1. A complaint in condemnation has been filed in the United States District Court for the _____ District of _____, to take property to use for *purpose*. The interest to be taken is *describe*. The court is located in the United States courthouse at this address: _____
2. The property to be taken is described below. You have or claim an interest in it.

(*Describe the property.*)

3. The authority for taking this property is *cite*.
4. If you want to object or present any defense to the taking you must serve an answer on the plaintiff's attorney within 21 days [after being served with this notice][from (*insert the date of the last publication of notice*)]. Send your answer to this address: _____.
5. Your answer must identify the property in which you claim an interest, state the nature and extent of that interest, and state all your objections and defenses to the taking. Objections and defenses not presented are waived.
6. If you fail to answer you consent to the taking and the court will enter a judgment that takes your described property interest.

Case 3:13-cv-00669 Document 75-2 Filed 10/04/13 Page 5 of 5 PageID #: 3195