UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| TRI-CITIES HOLDINGS LLC, ET AL., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 3:13-cv-669 |
| ) | CHIEF JUDGE HAYNES |
| ) | |
| TENNESSEE HEALTH SERVICES AND ) | |
| DEVELOPMENT AGENCY, ET AL., ) | |
| ) | |
| DEFENDANTS ) | |

MEMORANDUM BRIEF OF THE DEFENDANTS
IN SUPPORT OF MOTION TO STAY DISCOVERY

INTRODUCTION

The parties disagree as to whether discovery should proceed at this time. The plaintiffs have recently made Rule 26 Initial Disclosures and propounded the following written discovery to both Johnson City[1] and the Health Services and Development Agency ("HSDA"):

1. Plaintiffs' Rule 26 Initial Disclosures (consisting of 90 pages, including attachments).

2. Plaintiffs' Interrogatories (consisting of 11 interrogatories plus sub-parts).

3. Plaintiffs' Request for Admission (consisting of 77 requests for admission).

4. Plaintiffs' Request for Production of Documents (consisting of 29 requests plus sub-parts).

In addition to written discovery propounded to the defendants, the plaintiffs have also issued subpoenas to the following persons or entities:

---

[1] "Johnson City" refers to: the City of Johnson City, Tennessee, the Johnson City Board of Commissioners, and the Johnson City Board of Zoning Appeals.

1. Five (5) individual members of the City Commission of Johnson City.

2. Five (5) individual members of the Johnson City Board of Zoning Appeals.

3. Frontier Health, located in Johnson City.

4. Mountain States Health Alliance, located in Johnson City.

5. Commissioner Varney of the Tennessee Department of Mental Health and Substance Abuse Services, located in Nashville.

As explained *infra*, the position of the defendants is that discovery cannot proceed at this time pursuant to Federal Rule of Civil Procedure Rule 26(d). And in the alternative, discovery should be stayed until the Court rules on the Motion for Change of Venue for the same reasons the Court granted the joint motion to postpone the Initial Case Management Conference and denied the plaintiffs' Motion for Partial Summary Judgment without prejudice.

The parties have participated in a telephone conference to address this discovery dispute and have exchanged many e-mails addressing their respective positions. The parties have not been able to resolve the dispute as to whether discovery should proceed at this time. The parties have made a good faith effort to do so. [Affidavit of Tom Garland, ¶ 3]

Under circumstances where the "discovery dispute" is whether discovery should proceed at all, the defendants are unclear whether this Court requires a Joint Written Statement of the parties identifying the discovery issues in dispute in accordance with Local Rule 37.01. But to the extent that a Joint Written Statement is required, the defendants are still in the process of finalizing the Joint Written Statement with plaintiffs' counsel and expect to file the Joint Written Statement on Monday, October 7, 2013. Plaintiffs' counsel has not yet been able to respond. The defendants are proceeding with filing this Motion to Stay Discovery because the deadline for answering the written discovery (including requests for admission) is October 28, 2013. The

2

deadlines for producing documents pursuant to subpoenas begin on October 24, 2013. The defendants will supplement their filing with the Joint Written Statement as soon as plaintiffs' counsel responds to the defendants.

## STATEMENT OF THE CASE

On July 8, 2013, the plaintiffs filed this lawsuit. [Doc. 1]

On July 30, 2013, Johnson City filed a Motion for Change of Venue. [Doc. 19]

On August 28, 2013, the plaintiffs filed a Motion for Partial Summary Judgment. [Doc. 38]

On September 4, 2013, this Court granted the parties' Joint Motion to Continue the Initial Case Management Conference due to the pending Motion for Change of Venue. [Doc. 66]

On September 13, 2013, this Court dismissed without prejudice the plaintiffs' Motion for Partial Summary Judgment because the Motion for Change of Venue is pending. [Doc. 73]

## ARGUMENT

I. THE DEFENDANTS SEEK A STAY OF DISCOVERY

    A.    <u>Overview of defendants' position</u>

Local Rule 16.01(e)(1) provides that "[d]iscovery is not stayed unless specifically authorized by Fed. R. Civ. P. 26(d) or ordered by the case management judge." The defendants' position is that a stay is specifically authorized by Rule 26(d) and this Court should order a stay of discovery until a ruling occurs on the Motion for Change of Venue and an Initial Case Management Order is entered (or, if applicable, the Rule 26(f) procedures of the Eastern District have been complied with). This stay of discovery should include a stay of any subpoenas to parties or non-parties.

    B.    <u>Stay authorized by Rule 26(d)</u>

3

Rule 26(d) reads in pertinent part: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ."

*Conferring process not completed*

On August 30, 2013, counsel for all parties participated in a telephone conference for purposes of satisfying Local Rule 16.01 in advance of the Initial Case Management Conference that was then-scheduled for September 6, 2013. During the August 30 telephone call, the attorneys discussed jurisdiction, venue, and the parties' theories of their cases. But then, all counsel agreed that until the Motion for Change of Venue was ruled upon, the parties needed to jointly move for a continuance of the Initial Case Management Conference. As a result, counsel did not complete the conferring process, including no discussion of the discovery plan set forth in Rule 26(f) as incorporated into Local Rule 16.01. [Affidavit of Tom Garland, ¶ 2] In fact, counsel for HSDA sent an e-mail later that day confirming that the conferring process was not complete. [Exhibit A – Sue Sheldon e-mail of August 30, 2013]

Notwithstanding these undisputed facts, plaintiffs' counsel has taken the position during this discovery dispute that the conferring process was completed and that defense counsel conceded that fact when they signed off on a Joint Motion to Stay the Initial Case Management Conference that contained the following representation: "[t]he parties have held a Rule 26 discovery conference and have conferred on an Initial Case Management Order . . ." [Doc. 63, PageID #: 3135] The position of the defendants is that on August 30, 2013 the parties did have a Rule 26 discovery conference and did confer on an Initial Case Management Order – but that they did not complete the same for the reasons explained above and as confirmed by Sue Sheldon's e-mail of August 30, 2013. [Exhibit A]

*Conferring process in Middle District and Eastern District is not the same*

While the requirements in the Middle District and the Eastern District for a Rule 26(f) attorney conference are similar, there are substantive differences. Attached as Collective Exhibit B is an Order from Judge Greer setting forth a new procedure he has recently implemented for the initial attorney meeting, along with Federal Rule of Civil Procedure Form 52 (which Judge Greer wants the parties to follow as modified by his Order). As this Court can see, Judge Greer's instructions are not the same as this Court's instructions as set forth in its Local Rules.

Therefore, it would not make sense to finish the process of conferring until the attorneys know whether they are required to follow the procedures of the Middle District or Judge Greer in the Eastern District. Since the procedure set forth in Rule 26(f) has not been completed, Rule 26(d) provides for a stay of discovery.

        C.       <u>Stay should also be ordered by this Court</u>

As soon as this Court determines whether this case should proceed in the Middle District or the Eastern District, the defendants intend to file motions to dismiss because they do not believe the case should move forward against either of them based on, among other potential grounds, the doctrines of abstention, issue preclusion or ripeness. Once those motions to dismiss are filed, the defendants intend to move for a stay of discovery at that time until the Court determines whether the case should proceed forward against either of them. The defendants are not requesting that the Court grant a stay of discovery at this time based upon what will be filed in the future. But the defendants are requesting that this Court stay discovery until a determination has been made as to which Court this case will proceed in, and at that time, the motions to dismiss will be filed and either this Court or Judge Greer can determine whether discovery should proceed while those motions to dismiss are pending.

In other words, the defendants are asking the Court to stay discovery until the Motion for Change of Venue is ruled upon for the same reasons the Initial Case Management Conference was postponed and the plaintiffs' Motion for Partial Summary Judgment was dismissed without prejudice.

II. THE DEFENDANTS' RESPONSE TO ARGUMENTS RAISED BY PLAINTIFFS' COUNSEL

During the process of conferring over this discovery dispute, plaintiffs' counsel raised several arguments to which the defendants are responding below:

    A.    <u>Plaintiffs' counsel argues that attorney Erick Herrin has engaged in discovery</u>

While conferring over the dispute as to whether discovery should proceed, plaintiffs' counsel asserted that attorney Erick Herrin, an attorney for Johnson City, has already engaged in discovery in this lawsuit. This is incorrect. In an entirely separate proceeding, these plaintiffs made an administrative complaint against Johnson City to the United States Department of Justice ("DOJ"). The DOJ opened an investigation and required Johnson City to respond to some questions. Mr. Herrin did so on behalf of Johnson City. Mr. Dunlap, an attorney for the plaintiffs, contacted Mr. Herrin and made a request under Tennessee's Open Records Act for a copy of Johnson City's response to the DOJ. Mr. Herrin responded that the documents requested did not come under the Open Records Act, but he offered to trade a copy of Johnson City's response to the DOJ for a copy of the plaintiffs' complaint to the DOJ and all subsequent communications with the DOJ. Mr. Dunlap is claiming that this conduct constitutes Mr. Herrin engaging in discovery. Not only was Mr. Herrin not propounding any discovery under the Federal Rules of Civil Procedure, but this discussion involved an entirely separate proceeding. [Affidavit of Erick Herrin, ¶ 2]

6

B.  <u>Plaintiffs' counsel argues that the individual plaintiffs will have to drive over dangerous mountain roads this winter if discovery does not proceed at this time</u>

Plaintiffs' counsel argues that discovery should proceed because a delay prejudices the individual plaintiffs who will have to drive over mountain roads in the winter. If the plaintiff, Tri-Cities Holdings, LLC ("TCH"), had been awarded a Certificate of Need in June, 2013, it would not have been ready to open its Johnson City methadone clinic until February, 2014 according to the "Project Completion Forecast Chart" that it provided to HSDA in June, 2013. [Doc. 45-1, PageID #: 2239] Since TCH does not have a CON as of October, 2013, whether discovery proceeds immediately or not makes no difference as to what occurs this winter.

C.  <u>Plaintiffs' counsel argues that the defendants previously claimed that they needed discovery</u>

Plaintiffs' counsel argues that when the plaintiffs filed their Motion for Partial Summary Judgment, Johnson City and HSDA took the position under Rule 56(d) that they needed discovery before they could respond. That is true, but Johnson City and HSDA also took the position that the Motion for Partial Summary Judgment was premature, and the Court agreed, dismissing the Motion without prejudice until after a ruling on the Motion for Change of Venue.

D.  <u>Plaintiffs counsel requested that the defendants complete the conferring process</u>

During discussions over this dispute as to whether discovery should commence, Mr. Dunlap requested that if it is our position that the conferring process has not been completed, then the process be completed so discovery can commence. Johnson City and HSDA declined to do so for two reasons. First, as explained above, the requirements of the conferring process are different in the Middle District and the Eastern District. Therefore, the parties should know which Court the case will proceed in before attempting to complete the process. Second, the

7

defendants were not willing to attempt to complete the process at this time where they are taking the position that discovery should be stayed for the reasons explained herein.

    E.    <u>Plaintiffs counsel offered to extend the discovery deadlines until thirty (30) days after the ruling on the Motion for Change of Venue</u>

During discussions over this dispute as to whether discovery should commence, Mr. Dunlap offered to extend the time for responding to the discovery requests until thirty (30) days after this Court rules on the Motion for Change of Venue. Johnson City and HSDA could not agree to that offer because upon the ruling on the Motion for Change of Venue, the defendants intend to file Motions to Dismiss based on, among other potential grounds, the doctrines of abstention, issue preclusion and ripeness; and their concurrent intention to seek a stay of discovery until either this Court or the Eastern District rules on whether the case should be dismissed. If Johnson City and HSDA were to accept Mr. Dunlap's offer, then they would be waiving their right to seek a further stay at that time.

III.    PLAINTIFFS' SUBPOENAS REFUTE REPRESENTATIONS PLAINTIFFS MADE TO THIS COURT IN THEIR OPPOSITION TO MOTION FOR CHANGE OF VENUE

Aside and apart from the issue of whether discovery should be stayed, the defendants would also point out that the subpoenas the plaintiffs have propounded are inconsistent with the representations the plaintiffs made to this Court in opposition to Johnson City's Motion for Change of Venue.

    A.    <u>Representations made by the plaintiffs</u>

In the plaintiffs' Response to Johnson City's Motion for Change of Venue, the plaintiffs made the following representations to this Court:

> The only disputed issues in this case revolve around HSDA's consideration and ultimately illegal denial of TCH's CON application which took place in the Middle District (Nashville). The Johnson City-related facts of this case are settled and beyond dispute. Virtually all key witnesses, other than party

8

witnesses, are located in or near the Middle District (Nashville). HSDA is located in the Middle District (Nashville). A significant source of non-party witnesses and documents, TDMHSAS, is located in the Middle District (Nashville). Virtually all documents Plaintiffs will be requesting in discovery are located in the Middle District (Nashville). All these facts weigh against a transfer of venue.

[Doc. 37, PageID#: 613]

In this case, nearly all of the relevant conduct at issue took place in the Middle District (Nashville) and that, consequently, nearly all the key non-party witnesses are in the Middle District (Nashville) (and within the Court's subpoena power).

[Doc. 37, PageID#: 615]

Almost all documents weighing heavily on the issues in this case are in Nashville.

[Doc. 37, PageID#: 616]

B. Analysis

The plaintiffs represented to this Court that the "Johnson City-related facts of this case are settled and beyond dispute." If that representation is true, then why are twelve (12) of the thirteen (13) subpoenas are directed to Johnson City government officials or medical entities operating in Johnson City? Likewise, if "[v]irtually all documents Plaintiffs will be requesting in discovery are located in the Middle District (Nashville)," then why are almost all of the subpoenas for documents issued to Johnson City government officials or medical entities operating in Johnson City?

CONCLUSION

Based on the foregoing, at this time the defendants seek a stay of discovery until after the Court rules on the Motion for Change of Venue and until an Initial Case Management Order is entered (or, if applicable, the Rule 26(f) procedures of the Eastern District have been complied with). This stay of discovery should include a stay of any subpoenas to parties or non-parties.

9

Respectfully submitted,

*s/ K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
Herrin, Booze & McPeak
P.O. Box 629
Johnson City, TN 37605-0629
(423) 929-7113
(423) 929-7114 facsimile
lisa@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
Milligan & Coleman PLLP
P.O. Box 1060
Greeneville, TN 37744-1060
423-639-6811
423-639-0278 facsimile
tgarland@milligancoleman.com

*s/ Sue A. Sheldon*
Sue A Sheldon, BPR # 015295
Senior Counsel
Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37201
Sue.Sheldon@ag.tn.gov
katherine.watts@ag.tn.gov

*s/ Sara Elizabeth Sedgwick*
Sara Elizabeth Sedgwick, BPR # 004336
Senior Counsel
Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37201
Sara.Sedgwick@ag.tn.gov
katherine.watts@ag.tn.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2013, a copy of the foregoing *Brief of Defendants in support of Motion to Stay Discovery* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system and electronically mailed to James A. Dunlap, and Richard D. Piliponis. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| James A. Dunlap, Jr., Esq. | Richard D. Piliponis, Esq. |
| James A. Dunlap & Associates, LLC | Higgins, Himmelberg & Piliponis, PLLC |
| 310 Windsor Gate Cove NE | 116 Third Avenue, South |
| Atlanta, GA 30342 | Nashville, TN 37201 |
| jim@jamesdunlaplaw.com | rickpil@hhpfirm.com |

Respectfully submitted,

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
Milligan & Coleman PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
(423) 639-0278 facsimile
tgarland@milligancoleman.com