UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| Tri-Cities Holdings LLC, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Case No. 3:13-cv-669** |
| v. ) | |
| ) | **CHIEF JUDGE HAYNES** |
| ) | |
| Tennessee Health Service and ) | |
| Development Agency, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF TO TENNESSEE HEALTH SERVICES AND DEVELOPMENT AGENCY'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIIMINARY INJUNCTION**

COME NOW Plaintiff Tri-Cities Holdings LLC ("TCH"), Plaintiffs Jane Doe Nos. 1-2 and Plaintiffs John Doe Nos. 1-6. ("Individual Plaintiffs"), by and through undersigned counsel, and move this Court to allow Plaintiffs to file a Reply to Defendant Tennessee Health Services and Development Agency's Response to Plaintiffs' Motion for Preliminary Injunction.:

Local Rule 7.01 allows a party to file a reply brief upon leave of the Court. LR 7.01(b).

Plaintiffs pray that this Court allow Plaintiffs to file a Reply Brief as set forth in the attached Exhibit A.

Dated November 7, 2013.

**s/James A. Dunlap Jr.**
James A. Dunlap Jr. & Assoc. LLC
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
404-354-2363

404-745-0195 (fax)
jim@jamesdunlaplaw.com

Rick Piliponis, Esq. BPR # 16249
Higgins, Himmelberg & Pilioponis, PLLC
116 Third Avenue, South
Nashville, Tennessee 37201
Phone (615) 353-0930
Fax (615) 467-2443
rdp@higginsfirm.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2013, a copy of the foregoing document(s) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Sue A. Sheldon, Esq.
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202

Sara Elizabeth Sedgwick
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207

Kent Erickson Herrin, Esq.
Herrin, Booze & McPeak
515 E Unaka Avenue
Johnson City, TN 37601

Thomas J. Garland , Jr.
Milligan & Coleman PLLP
P O Box 1060
Greeneville, TN 37744-1060

                                                    **s/James A. Dunlap Jr.**
                                                    James A. Dunlap Jr., Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| Tri-Cities Holdings LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **Case No. 3:13-cv-669** |
| v. | ) |
| | ) **CHIEF JUDGE HAYNES** |
| | ) |
| Tennessee Health Service and | ) |
| Development Agency, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFFS' REPLY TO DEFENDANT TENNESSEE HEALTH SERVICES AND
DEVELOPMENT AGENCY'S RESPONSE TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Rick Piliponis, Esq. BPR # 16249
Higgins, Himmelberg & Pilioponis, PLLC
116 Third Avenue, South
Nashville, Tennessee 37201
Phone (615) 353-0930
Fax (615) 467-2443
rdp@higginsfirm.com

James A. Dunlap Jr., Esq.
James A. Dunlap Jr. & Assoc. LLC
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

Counsel for Plaintiffs

## TABLE OF CONTENTS

I. HSDA offers the Court only false logic while attempting to provide a non-discriminatory reason for its Notice Rule that applies only to those serving the disabled. ...................................................................................................................3

II. The requirements of Title II and Section 504 are enforceable in a suit for injunctive relief pursuant to the Ex parte Young doctrine. ..........................................................4

III. Regulations authoritatively construing Title II and Section 504 are enforceable under those statutes as a private right of action. ..........................................................5

IV. Johnson City's zoning ordinance and HSDA's Notice Rule fail the "rational basis test" under the Fourteenth Amendment and the ADA. ................................................6

V. Assuming *arguendo* that Johnson City's or HSDA's contested rules are facially valid and have a rational basis, Plaintiffs still are entitled to prevail based upon Defendants' failures to provide a reasonable modification. ........................................8

VI. The *Younger* abstention doctrine is not appropriate in this case. ..............................9

    A. There is no ongoing state judicial proceeding as to eight out of nine plaintiffs. ...................................................................................................................9

    B. There cannot exist any state interest in the state proceeding related to TCH's claims against Johnson City and the Individual Plaintiffs' claims against HSDA or Johnson City. .........................................................................................................10

    C. Many of TCH's civil rights claims are unrelated to any administrative appeal. ...................................................................................................................10

    D. There is no adequate opportunity in the state administrative proceedings for TCH to present federal civil rights challenges. ........................................................11

    E. *Younger* abstention is not appropriate to claims seeking broad-based injunctive relief based on alleged civil rights violations. ................................................11

    F. There is no adequate opportunity in the state administrative proceedings for the Individual Plaintiffs to present their civil rights challenges. ..............................12

    G. Unlike this case, HSDA's authority in support of *Younger* abstention almost invariably involves only a *single plaintiff* who is *voluntarily engaged* in the state proceeding. ........................................................................................................12

Plaintiffs Tri-Cities Holdings LLC ("TCH""), Jane Doe Nos. 1-2, and John Doe Nos. 1-6 ("Individual Plaintiffs"), by and through their undersigned counsel, hereby file this Reply to Defendant Tennessee Health Services and Development Agency's ("HSDA") Response to Plaintiffs' Motion for Preliminary Injunction as follows.

I. **HSDA offers the Court only false logic while attempting to provide a non-discriminatory reason for its Notice Rule that applies only to those serving the disabled.**

Though Johnson City has not even ventured to offer a single non-discriminatory reason for the enactment of its own zoning ordinance [Doc. 88], HSDA fails in its attempt to defend its own rule by offering the Court false logic. Tenn. Code Ann. § 68-11-1624 ("Notice Rule") requires anyone obtaining a Certificate of Need from HSDA for a clinic serving opiate-addicted persons (and only then) to strictly comply with rigorous notification rules (certified mail, certain state and local politicians to notify, specific language, etc.). HSDA represents to the Court that its Notice Rule is merely to enable community leaders to "*express support or opposition* to the granting of a certificate of need to the applicant." HSDA Response to Motion for Preliminary Injunction [Doc. 89, p. 13]. However, what HSDA glaringly fails to do is to provide the Court with a reason why this Notice Rule *only apples to medical facilities serving opiate-addicted, disabled persons*. Using HSDA's argument to the Court, any Tennessee agency could impose such a notice rule on, for example, a medical clinic serving African Americans. Under this scenario, according to HSDA's representations to the Court, a notice rule requiring all local politicians to receive notice of a clinic treating an African American (but not if treating only Caucasians) would be perfectly OK because it allows *expressions of support for and against!* Such false logic is repugnant to federal civil rights laws in the extreme. Accordingly, federal courts reject such arguments to defend

3

discriminatory notice rules like the one HSDA offers the Court. *See Potomac Group Home v. Montgomery County, Md.*, 823 F.Supp. 1285, 1297 (D. Md., 1993)(notice rule applying only to homes for disabled has effect of galvanizing opposition and violates the ADA).

> II.   The requirements of Title II and Section 504 are enforceable in a suit for injunctive relief pursuant to the Ex parte Young doctrine.

Because Title II validly abrogates sovereign immunity here, and because the Plaintiffs have a viable Title II or Section 504 claim, there is no reason for this Court to reach the question of whether, if the State did maintain its sovereign immunity, the Plaintiffs nonetheless could obtain injunctive relief pursuant to the *Ex Parte Young* doctrine. But in any event, as every appellate court to consider the question has determined, such a suit for prospective relief is available under both Title II and Section 504.

Under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), and its progeny, "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." *MCI Telecomm. Corp.* v. *Bell Atlantic-Pa.*, 271 F.3d 491, 506 (3d Cir. 2001); *accord Grizzle* v. *Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2012); *MCI Telecomms. Corp.* v. *BellSouth Telecomms., Inc.*, 298 F.3d 1269, 1272 (11th Cir. 2002). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc.* v. *Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted). Here, the complaint seeks prospective relief against a state agency for alleged ongoing violations of federal law. Thus, the plaintiff's request for prospective relief falls squarely within the *Ex parte Young* exception to the Eleventh Amendment.

Title II's and Section 504's private rights of action expressly permit the full range of relief normally available in litigation under Title VI of the Civil Rights Act of 1964, including injunctive relief. *See* 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(1). Federal courts have squarely held that plaintiffs may enforce the requirements of Title II through a suit against a state official under the *Ex Parte Young* doctrine. *See Miller* v. *King*, 384 F.3d 1248, 1264 & n.16 (11th Cir. 2004), *rev'd as to other holding sub nom. United States* v. *Georgia*, 546 U.S. 151 39 (2006).15  In doing so, it joined every other circuit to consider the question to respect to Title II or Section 504. *See, e.g., McCarthy* v. *Hawkins*, 381 F.3d 407, 414 n.8 (5th Cir. 2004).

### III. Regulations authoritatively construing Title II and Section 504 are enforceable under those statutes as a private right of action.

A plaintiff may enforce compliance with certain regulations implementing Title II and Section 504. Accordingly, federal courts clearly hold that Title II's and Section 504's broad anti-discrimination mandates are privately enforceable. *See Barnes* v. *Gorman*, 536 U.S. 181, 184-185 (2002). If regulations validly interpret and implement that mandate, requirements set forth in those regulations are as enforceable as the statutory language itself. *Alexander* v. *Sandoval*, 532 U.S. 275, 284 (2001). Federal courts explicitly recognized the right of a private plaintiff to assert an ADA claim for injunctive relief against a state official in federal court. *Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374; Radaszewski ex rel. Radaszewski v. Maram, 383 F.3d 599 (7th Cir., 2004)*.

Legislation passed pursuant to Section 5 "is valid if it exhibits 'a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'" *Id*. (quoting Lane, 541 U.S. 520). This "congruence and proportionality" test "requires [the court] to identify: (1) with some precision the constitutional right at issue; (2) whether Congress

5

identified a history and pattern of unconstitutional discrimination by the States against the disabled; and (3) whether the rights and remedies created by the statute are congruent and proportional to the constitutional rights it purports to enforce and the record of constitutional violations adduced by Congress." Id. Here, the right at issue is "the right to be free from irrational disability discrimination." *Bowers v. National Collegiate Athletic Ass'n,* 475 F.3d 524, 555 (3rd Cir. 2007).

Federal courts have declared that "Congress had clearly identified a history and pattern of disability discrimination with respect to public services." *Id*. In *Lane,* the Supreme Court "considered evidence of disability discrimination in a variety of public services." *Id*. at 555 n. 35. The Court had "referenc[ed] voting, serving as jurors, unjustified commitment, abuse and neglect of young persons committed to state mental hospitals, *and irrational discrimination in zoning decisions*." *Id*. As applied to state licensing and local zoning, the remedies provided in Title II of the ADA are congruent and proportional to the problem of disability discrimination identified by Congress.

### IV. Johnson City's zoning ordinance and HSDA's Notice Rule fail the "rational basis test" under the Fourteenth Amendment and the ADA.

The dispensing of methadone cannot be divorced from the individuals who take the medication. Thus, the Defendants' policies which apply only to methadone clinics clearly discriminate against those patients whose addiction requires methadone for effective treatment. These ordinances and rules unquestionably impose disproportionate burdens on a particular class of disabled individuals: opiate addicts who require methadone therapy to aid in their recovery. See 28 C.F.R. § 35.130(b)(8) (prohibiting public entities from employing eligibility criteria for public benefits that "tend to screen out ... any class of individuals with disabilities from fully and equally enjoying" the benefit). The fact that the Defendants may claim a "rational basis" for this policy,

6

standing alone, is not sufficient to justify this burden. *Smith-Berch, Inc. v. Baltimore County, Md.*, 68 F.Supp.2d 602 (D. Md. 1999), citing *Oconomowoc Residential Programs, Inc. v. City of Greenfield*, 23 F.Supp.2d 941, 953 (E.D.Wis.1998) (explaining that ADA "accorded disabled people the status of a protected class" and consequently, "[a] rational basis will no longer support a law which burdens the disabled"). Only if this burden cannot be eliminated through "reasonable modifications" in the County's zoning process would it not run afoul of the ADA. 20 See 28 C.F.R. § 35.130(b)(7); *Trovato v. City of Manchester*, 992 F.Supp. 493, 498-99 (D.N.H.1997) (granting summary judgment to plaintiffs where city "failed to reasonably accommodate plaintiffs' disability" by refusing to exempt plaintiffs from zoning ordinance's setback requirements which prohibited plaintiffs from constructing front-yard parking space).

Federal courts have articulated a heightened, more searching form of rational basis review, dubbed by some commentators as "rational basis with bite" when considering state and local government action affecting the disabled. *Rhj Med. Ctr. Inc. v. City of Dubois*, 754 F.Supp.2d 723, 772 (W.D. Pa. 2010)(citations). The Equal Protection Clause affords protection to disabled individuals. "[A]rbitrary and irrational discrimination violates the Equal Protection Clause under even [the] most deferential standard of review." *Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 83 (1988). *Popovich v. Cuyahoga*, 227 F.3d 627, 637 (6th Cir. 2000). Therefore, assuming *arguendo* that Defendants' challenged ordinance and rules were facially valid, they are still illegal for lack of a rational basis related to a legitimate public policy objective which could justify such extreme burdens on disabled persons.

7

**V.  Assuming *arguendo* that Johnson City's or HSDA's contested rules are facially valid and have a rational basis, Plaintiffs still are entitled to prevail based upon Defendants' failures to provide a reasonable modification.**

Defendants portray themselves as completely confused--as if wandering in a fog-- incapable of discerning what a reasonable modification to their rules might be to allow TCH to locate its proposed Opiate Treatment Program ("OTP") in Johnson City. From the beginning, Plaintiffs have made clear to Defendants what needs to be done on numerous occasions: <u>Issue TCH the requisite Certificate of Need and local permits to allow TCH to open its OTP in Johnson City, and modify their rules and regulations to allow that to happen.</u> HSDA just needs to waive or reduce any or all of its requirements related to "Need," "Orderly Development," or "Economic Feasibility" when considering TCH's CON application. Johnson City need just waive or grant an exception to its ordinance related to TCH's zoning and permit application. That's it. Doing so would in no way require any undue burden or material changes in Defendants' policies, other than facially invalid rules which should be voided anyway as repugnant to the ADA.

The Defendants' continuously confused state of mind also manifests a breach of an affirmative duty under the ADA to offer Plaintiffs a reasonable modification. The Attorney General of the United States, at the instruction of Congress,[1] has issued an implementing regulation that outlines the affirmative duty of a public entity to accommodate reasonably the needs of the disabled. The Title II regulation reads:

---

[1] See 42 U.S.C. § 12134(a) ("[T]he Attorney General shall promulgate regulations in an accessible format that implement this part."). The Attorney General's regulations, Congress further directed, "shall be consistent with this chapter and with the coordination regulations ... applicable to recipients of Federal financial assistance under [§ 504 of the Rehabilitation Act]." *Id.* § 12134(b).

8

A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.[2]

Federal courts have interpreted this duty to reasonably accommodate is an *affirmative* duty[3] and declared that Title II imposes an "obligation to accommodate," or a "reasonable modification requirement."[4]

### VI. The *Younger* abstention doctrine is not appropriate in this case.

This Court should not abstain from hearing Plaintiffs' claims pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). In considering whether *Younger* abstention is appropriate, this Court must look to the following factors: (1) whether there are ongoing state judicial proceedings; (2) whether the proceedings implicate important state interest; and (3) whether there is an adequate opportunity in the state proceedings to present constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995).

#### A. There is no ongoing state judicial proceeding as to eight out of nine plaintiffs.

The *Younger* abstention doctrine does not apply -- even in theory-- to eight of the nine plaintiffs in this case. None of the Individual Plaintiffs filed an administrative appeal to anything--

---

[2] 28 C.F.R. § 35.130(b)(7).
[3] *Tennessee v. Lane*, 541 U.S. 509 (2004).
[4] *Id.* at 532–33; *see also Alexander v. Choate*, 469 U.S. 287, 301 (1995)(suggesting Rehabilitation Act requires "meaningful access" and "reasonable accommodations"); *accord*, *Ability Center, Toledo v. City of Sandusky*, 385 F.3d 901, 908 (6th Cir., 2004) ("Title II targets more than intentional discrimination….").

9

only TCH. TCH's administrative appeal only applies to HSDA's denial of its CON, not to any of its claims against Johnson City. The Individual Plaintiffs have claims against HSDA that are clearly outside the administrative appeal process. For example, the Individual Plaintiffs allege violations of federal law related to the facially invalid Johnson City zoning ordinance and HSDA's Notice Rule. All Plaintiffs bring claims against HSDA based on HSDA's failure to provide a reasonable modification to TCH—a separate cause of action under the ADA and Rehabilitation Act. In no way could the administrative appeal result in relief on these myriad claims.

**B. There cannot exist any state interest in the state proceeding related to TCH's claims against Johnson City and the Individual Plaintiffs' claims against HSDA or Johnson City.**

As Johnson City and the Individual Plaintiffs are not parties to the state administrative proceeding, there is no way there exists a state interest related to any claims involving them in this case.

**C. Many of TCH's civil rights claims are unrelated to any administrative appeal.**

Simultaneously, TCH has numerous other claims against HSDA and Johnson City unrelated to the CON--such as the facially invalid HSDA Notice Rule. TCH is also acting as a private attorney general in this case to assert associational standing for the 500-1,000 opiate-addicted persons in the Johnson City area—including pregnant women-- who are presently forced to drive 100+ miles over dangerous mountain roads, as often as daily, to receive life-saving, doctor-prescribed, standard of care treatment in North Carolina. A *Younger* abstention would unnecessarily fracture this case without any judicial economy or public policy benefit as the remaining plaintiffs and claims would continue in this Court.

### D. There is no adequate opportunity in the state administrative proceedings for TCH to present federal civil rights challenges.

Assuming *arguendo* that the Younger abstention doctrine could apply to TCH's claims, the Sixth Circuit Court of Appeals "has squarely held that abstention from hearing claims of institutional violation of rights guaranteed by the U.S. Constitution is inappropriate and federal courts must hear federal constitutional claims." *Hanna v. Toner*, 630 F.2d 442, 444 (6th Cir.1980). The Supreme Court has "frequently acknowledged the importance of having federal courts open to enforce and interpret federal rights." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)(O'Conner, J.), *City of Chicago v. International College of Surgeons*, 522 U.S.. 156 (1997)( federal court should be open to challenges of liberty interests and fundamental rights), *Timmy S. v. Stumbo*, 537 F. Supp. 39, 46 (E.D.Ky.1981) (abstention not appropriate in civil rights case). Thus, Plaintiffs submit that their ADA and Rehabilitation Act claims are inappropriate for invoking *Younger* abstention.

### E. *Younger* abstention is not appropriate to claims seeking broad-based injunctive relief based on alleged civil rights violations.

Finally, the Tennessee Administrative Procedures Division is not a more appropriate vehicle for adjudicating the claims raised in this civil rights action. Although technically TCH could raise its civil rights claims in this administrative proceeding, this is clearly not an adequate forum for TCH to present its request for broad-based injunctive relief based on the ADA and Rehabilitation Act which can save the Individual Plaintiffs--and at least a thousand others like them--from their current misery and risk of death or injury. See *LaShawn A. v. Kelly*, 990 F.2d 1319, 1323 (D.C.Cir.1993)(abstention not appropriate where claims involve requests for broad-based injunctive relief).

11

TCH's civil rights claims herein represent, as did the claims in *Hanna*, "the exact sort of disputes over citizens' rights with which the federal courts were created to deal." *Hanna*, 630 F.2d at 446. The Court should decline Defendants' invitation to abstain from hearing these claims. Accordingly, this Court should reject HSDA's arguments based upon the doctrine of abstention.

**F. There is no adequate opportunity in the state administrative proceedings for the Individual Plaintiffs to present their civil rights challenges.**

Of course, *Younger* abstention cannot apply to the Individual Plaintiffs as they are not even parties to the administrative appeal and therefore have no ability to pursue their claims at all.

**G. Unlike this case, HSDA's authority in support of *Younger* abstention almost invariably involves only a *single plaintiff* who is *voluntarily engaged* in the state proceeding.**

HSDA cites several cases in support of its request for a Younger abstention. However, these cases predominantly involve a single plaintiff or group of plaintiffs all *voluntarily* engaged in the state proceeding. *Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003)(single plaintiff); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986); *Federal Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 968-69 (6th Cir. 1991)(single plaintiff); *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368-70 (1989)(single plaintiff); *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 641 (6th Cir. 1990)(single plaintiff); *CSXT, Inc. v. Pitz,* 883 F.2d 468, 474 (6th Cir. 1989)(single plaintiff); *Watts v. Burkhart*, 854 F.2d 839, 848 (6th Cir. 1988)(single plaintiff); *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n.*, 457 U.S. 423, 433-34 (1982)(attorneys challenging state bar disciplinary proceeding); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 482 (6th Cir. 1997)(phone companies voluntarily litigating rate dispute). In this case, the Individual Plaintiffs bring their own claims in no way related to the state administrative proceeding that involves only a few claims of TCH.

12

Dated: November 6, 2013.

**s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.
James A. Dunlap Jr. & Assoc. LLC
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

Rick Piliponis, Esq. BPR # 16249
Higgins, Himmelberg & Pilioponis, PLLC
116 Third Avenue, South
Nashville, Tennessee 37201
Phone (615) 353-0930
Fax (615) 467-2443
rdp@higginsfirm.com

Counsel for Plaintiffs

13

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2013, a copy of the foregoing document(s) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Sue A. Sheldon, Esq.
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202

Sara Elizabeth Sedgwick
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207

Kent Erickson Herrin, Esq.
Herrin, Booze & McPeak
515 E Unaka Avenue
Johnson City, TN 37601

Thomas J. Garland , Jr.
Milligan & Coleman PLLP
P O Box 1060
Greeneville, TN 37744-1060

James A. Dunlap
James A. Dunlap Jr. & Assoc. LLC
801 W Conway Drive NW
Atlanta, GA 30327

                                                        **s/James A. Dunlap Jr.**
                                                        James A. Dunlap Jr., Esq.