EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | | |
|---|---|---|
| TRI-CITIES HOLDINGS LLC, ET AL., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-cv-669 |
| | ) | CHIEF JUDGE HAYNES |
| | ) | JURY DEMAND |
| TENNESSEE HEALTH SERVICES AND | ) | |
| DEVELOPMENT AGENCY, ET AL., | ) | |
| | ) | |
| DEFENDANTS | ) | |

REPLY BRIEF TO PLAINTIFFS' OBJECTION
AND MEMORANDUM OF LAW [DOC. 92]
IN OPPOSITION TO JOHNSON CITY'S MOTION TO DISMISS [DOC. 87]

Come the defendants, the City of Johnson City, the Johnson City Board of Commissioners, and the Johnson City Board of Zoning Appeals (collectively referred to as "Johnson City"), and reply as follows to the plaintiffs' Objection and Memorandum Brief [Doc. 92] in Opposition to Johnson City's Motion to Dismiss [Doc. 87]:

I. Plaintiffs argue they are entitled to immediate relief from stigmatic injury and imminent risk of death and serious bodily injury

As explained in Johnson City's opening Brief, these same plaintiffs sued Johnson City in case number 2:13-cv-108 and Judge Greer ruled that the plaintiffs' claims were not ripe because TCH did not yet have a CON from the HSDA and a license from the TDMHSAS. [Doc. 19-1, PageID #: 456]. With respect to the plaintiffs' arguments of stigmatic injury and risk of physical injury, the evidence they rely on comes from testimony presented during the hearing on the Motion for Preliminary Injunction conducted by Judge Greer. [Doc. 92, PageID #: 3430]. If the plaintiffs had wished to contest Judge Greer's ruling on ripeness, they could have appealed his

dismissal. The fact that they did not appeal his dismissal – plus the fact that TCH still does not have a CON or license – means that Judge Greer's ruling is still in effect and cannot be disregarded by these plaintiffs.

II. and III.  Plaintiffs argue that they are able to re-file their Complaint because it was dismissed without prejudice and that Johnson City's case authority is misplaced

Issues "II." And "III." in plaintiffs' Objection overlap. Therefore, Johnson City addresses these arguments together.

*The plaintiffs assert that issue preclusion*
*does not apply to dismissals without prejudice*

The plaintiffs' position is that they were permitted to refile their Complaint at any time because Judge Greer's dismissal was without prejudice. Along those same lines, the plaintiffs assert that the Sixth Circuit case cited by Johnson City on issue preclusion is distinguishable because that Sixth Circuit case involved the application of issue preclusion to a dismissal with prejudice. Therefore, under the plaintiffs' logic, the day after Judge Greer dismissed their Complaint, they could have refiled their Complaint in Greeneville because Judge Greer's dismissal was without prejudice. That is simply not the law.

In the case of *Lay v. Burley Stabilization Corp.*, the Sixth Circuit ruled that issue preclusion barred relitigation of an issue that resulted in the dismissal of the original action without prejudice. In Circuit Judge Karen Nelson Moore's concurring opinion, she explained why this is so:

> In the first suit, the district court dismissed the plaintiffs' claims *without prejudice,* so that the plaintiffs could reassert the same claims against BSC by curing the defects that led to the dismissal, i.e., by satisfying the demand requirement which is a precondition for derivative actions under Tennessee law. Because the plaintiffs did not cure this defect and instead simply modestly repackaged the same claims asserted in the first suit, the district court in the instant (second) suit again dismissed the plaintiffs' claims without prejudice, ruling that issue preclusion barred relitigation of the issue of derivative standing.

2

> Issue preclusion is appropriate here because the plaintiffs could have appealed the district court's ruling in the first suit that their claims against BSC were derivative. When a district court "dismiss[es] ... a complaint, as opposed to an action, without prejudice" that "is not a final and appealable order." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.,* 485 F.3d 840, 845 (6th Cir.2007); *see Azar v. Conley,* 480 F.2d 220, 223 (6th Cir.1973) (same). However, when "the district court dismisses an *action* without prejudice, ... the order is final and appealable." *Morgan Stanley,* 485 F.3d at 845 (internal quotation marks omitted). Here, in the first suit, the district court issued, along with its memorandum and order of March 14, 2007, a final judgment dismissing all of the plaintiffs' claims against BSC "without prejudice" and dismissing the *action* in its entirety, not just the plaintiffs' complaint. This was clearly an appealable final judgment. The plaintiffs had an opportunity to appeal the district court's determination that their claims against BSC are derivative, but they declined to do so.

*Lay v. Burley Stabilization Corp.*, 312 Fed. Appx. 752, 762-63 (6th Cir. 2009)(italics in original and footnote omitted).

In the case at bar, Judge Greer entered a Memorandum Opinion and Order [Doc. 19-1, PageID # 456] and a Judgment [Doc. 19-2, PageID #: 467]. The Judgment contains the following language:

> It is **ORDERED AND ADJUDGED** that the action of the plaintiffs against the defendants **BE DISMISSED WITHOUT PREJUDICE**.

[Id., PageID #: 467] The plaintiffs could have appealed the ruling on ripeness because the Judgment explicitly dismissed the "action." Because they chose not to appeal the Judgment, they are barred by issue preclusion from continuing this second lawsuit against Johnson City.

### *The plaintiffs fabricate a new basis for dismissal of Tri-Cities I*

The reason the plaintiffs do not address the merits of issue preclusion is because they have no good answer as to why they are entitled to sue Johnson City a second time even though they do not have a CON or a license. Since they know they cannot successfully address issue preclusion, they attempt to avoid the matter by fabricating a new reason as to why *Tri-Cities I* was dismissed:

3

> Assuming *arguendo* that Plaintiffs claims were ever unripe, based upon Johnson City's dubious "empty chair" defense in *Tri-Cities I* because HSDA was not a defendant, this legal theory is now clearly extinguished as HSDA now sits at Defendants' table alongside Johnson City . . .

[Doc. 92, PageID #: 3432]

Johnson City never raised an "empty chair" defense in *Tri-Cities I*. Why would Johnson City – or more importantly, Judge Greer -- have thought that the HSDA was a necessary party in *Tri-Cities I* where the CON hearing had not yet even occurred? Judge Greer clearly ruled that plaintiffs' claims against Johnson City were not ripe because TCH had not yet obtained a CON and a license – not because the plaintiffs had failed to make the HSDA a party.

The plaintiffs have no legitimate argument as to why they are entitled to violate Judge Greer's ruling and refile suit against Johnson City without first obtaining a CON and a license. Therefore, the doctrine of issue preclusion bars this lawsuit as to Johnson City.

IV. The plaintiffs assert that a facial challenge to Johnson City's zoning ordinance is ripe for <u>adjudication</u>

In section "IV." of their Objection, the plaintiffs assert that their facial challenge to Johnson City's zoning ordinance is ripe for adjudication. But once again, the doctrine of issue preclusion is dispositive. If the plaintiffs believe that these cases from other Circuits demonstrate that Judge Greer's dismissal without prejudice was incorrect, then the plaintiffs were obligated to appeal Judge Greer's ruling. Since they chose not to appeal, they cannot proceed with this second lawsuit against Johnson City without first having obtained a CON and a license.

Therefore, for the reasons explained in Johnson City's opening Brief and this Reply Brief, the plaintiffs' second lawsuit against Johnson City should be dismissed without prejudice.

4

Respectfully submitted,

*s/ K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
Herrin, Booze & McPeak
P.O. Box 629
Johnson City, TN  37605-0629
(423) 929-7113
(423) 929-7114 facsimile
lisa@hbm-lawfirm.com


*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
Milligan & Coleman PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
(423) 639-6811
(423) 639-0278 facsimile
tgarland@milligancoleman.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013, a copy of the foregoing Reply Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system and electronically mailed to James A. Dunlap, Richard D. Piliponis, Sara Elizabeth Sedgwick, and Sue A. Sheldon. Parties may access this filing through the Court's electronic filing system.

James A. Dunlap, Jr., Esq.
James A. Dunlap, Jr. & Associates, LLC
310 Windsor Gate Cove NE
Atlanta, GA 30342
jim@jamesdunlaplaw.com

Richard D. Piliponis, Esq.
Higgins, Himmelberg & Piliponis, PLLC
116 Third Avenue, South
Nashville, TN 37201
rickpil@hhpfirm.com

Sara Elizabeth Sedgwick, Esq.
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37201
Sara.Sedgwick@ag.tn.gov
katherine.watts@ag.tn.gov

Sue A. Sheldon, Esq.
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37201
Sue.Sheldon@ag.tn.gov
katherine.watts@ag.tn.gov

Respectfully submitted,

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
Milligan & Coleman PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
(423) 639-0278 facsimile
tgarland@milligancoleman.com